United States District Court
Middle District of Florida
Jacksonville Division

**EILEEN TRACI RACE ET AL.,**

  *Plaintiffs,*

V.             **NO. 3:18-CV-153-J-39PDB**

**BRADFORD COUNTY, FLORIDA, BOARD OF
COUNTY COMMISSIONERS ET AL.,**

  *Defendants.*

_____

## Order

Before the Court are the defendants' motions to stay case-management deadlines pending a ruling on a motion to dismiss and for summary judgment and for a telephone conference to discuss moving deadlines if no stay is ordered. Docs. 52, 56. The plaintiffs oppose the motions. Doc. 54, Doc. 56 at 3.

In November 2018, the plaintiffs filed a second amended complaint.[1] Doc. 38. In December 2018, the defendants filed a motion to dismiss the second amended complaint. Doc. 47. In the motion, they also move for summary judgment on the issue of Bradford County's liability (contending it does not operate the jail) and attach an affidavit and copy of an agreement between Bradford County and the Sheriff of Bradford County.[2] Doc. 47 at 4–6; Doc. 4-1. That motion is pending and has been

---

[1]A history of the case before the plaintiffs filed the second amended complaint is in the Court's earlier order, Doc. 37 at 1–2, and not repeated here.

[2]Though the defendants cite the exhibit in the motion to dismiss, the exhibit is not attached. The exhibit was attached to an earlier motion to dismiss that the Court denied as moot when the plaintiffs filed an amended complaint. *See* Doc. 4-1. In response to the motion to dismiss, the plaintiffs also cite information from the exhibit, Doc. 48 at 4, but provide no other evidence on the issue.

referred to the undersigned for a report and recommendation. In January 2019, the Court entered an amended case management and scheduling order. Doc. 51. The discovery and dispositive-motions deadlines are in May 2019, and trial is scheduled for October 2019. Doc. 51.

In the motion to stay case-management deadlines pending a ruling on the motion to dismiss and for summary judgment, the defendants explain the parties have taken no depositions; the plaintiffs have sent a "lengthy" request for production that will "require extensive time to search for, identify and collect documents in order to prepare and provide a response"; and expert and discovery deadlines are approaching. Doc. 52 at 2–3. The defendants contend a ruling on the motion will inform who should be deposed and what discovery is needed. They contend, "Staying this litigation matter at this time for a short period will conserve judicial resources and save the parties potentially unnecessary time and expense. Since this case is still in the pleading stage, and none of the Defendants have answered the complaint, no party will be prejudiced by a short stay." Doc. 52 at 3. They ask the Court to stay all discovery—including responses for requests already sent—and all case-management deadlines and to find that the motion to dismiss and for summary judgment presents legal questions for which no discovery is necessary. Doc. 52 at 5.

The plaintiffs respond that "both sides have answered and requested discovery, and Plaintiff has provided the Defendants with two expert reports." Doc. 54 at 2. The plaintiffs contend discovery should not be stayed because the second amended complaint passes muster. Doc. 54 at 3. They state, "[N]ot only is the Second Amended Complaint in full compliance of Rule 8(a)(2), thanks to discovery and Plaintiff's expert disclosures [attached as an exhibit to the response, Doc. 54-1] have provided Defendants with adequate notice of the claims against them, and the grounds which

---

The defendants separately move to dismiss the claims against Bradford County, contending the allegations do not satisfy Federal Rule of Civil Procedure 8(a)(2) and fail to state a claim. Doc. 47 at 6–12.

each claim rests." Doc. 54 at 3 (errors in original). They contend "there is a dispute in the material facts and discovery will help this Court make an adequate judgment of allowing the case to be resolved on the merits."[3] Doc. 54 at 4. They explain they had intended to depose witnesses after receiving a response to the request for production and contend a stay will prejudice them. Doc. 54 at 4.

In the motion requesting a phone conference, the defendants ask that, if the Court denies the motion to stay, the Court schedule a phone conference to discuss moving case-management deadlines. Doc. 56. The defendants state the plaintiffs oppose the motion. Doc. 56 at 3. The plaintiffs have filed no written response in opposition.

A court has broad discretion to stay discovery "until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). To decide if there are preliminary questions that may dispose of a case, a court may take a "preliminary peek" at a pending dispositive motion. *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). A stay is proper if resolution of a pending dispositive motion might dispose of the case but improper if discovery is necessary to respond to that motion. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985).

Because neither party needs discovery before a court resolves a dispositive motion based solely on a legal matter, staying discovery until then avoids potentially needless cost. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). For the party from whom discovery is sought, costs include "the time spent searching for and compiling relevant documents; the time, expense, and aggravation

---

[3]As an example of a disputed fact, the plaintiffs attach and cite a discovery document stating that Captain Carol Starling "sav[ed] money in the area of medical expenses for inmates as well as purchases from outside vendors." Doc. 54 at 4, Doc. 54-2. The plaintiffs contend this shows their claim regarding Bradford County's failure to provide adequate healthcare funding has "come into fruition." Doc. 54 at 4.

of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged." *Id.* For the party seeking discovery, costs include "attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses." *Id.*

Courts must manage pretrial discovery to avoid wasting resources, and "[g]ranting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." *Rivas v. The Bank of N.Y. Mellon*, No. 15-15324, 2017 WL 242545, at *4 (11th Cir. Jan. 20, 2017) (unpublished). Because motions to dismiss for failure to state a claim present a legal question, "there are no issues of fact because the allegations contained in the pleading are presumed to be true. [N]either the parties nor the court has any need for discovery before the court rules on the motion. Indeed, motions to dismiss should, ideally, be resolved before discovery begins." *Id.* (internal quotation marks, authority, and alterations omitted).

Staying discovery (including any responses) pending a decision on the motion to dismiss and for summary judgment is warranted. A report and recommendation on the motion likely will be entered soon. If the motion is granted, it will dispose of the case and make unnecessary the discovery the plaintiffs intend to seek. If the motion is denied, any stay will have been brief. The plaintiffs have presented no staleness or destruction concerns that would counsel against staying discovery, and none are apparent.[4]

The Court **grants** the motion to stay discovery, Doc. 56; **stays** discovery pending resolution of the motion to dismiss and for summary judgment, Doc. 47; and

---

[4]Though the defendants move for summary judgment on one issue, the plaintiffs provided no other evidence on that issue and have not sought to do so.

**vacates** the remaining deadlines in the amended case management and scheduling order, Doc. 51. If the motion to dismiss is denied, the Court will direct the parties to file an amended case management report. The Court **denies** the motion for a phone conference, Doc. 56, as unnecessary given the other relief ordered here.

       **Ordered** in Jacksonville, Florida, on April 19, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:       Counsel of record